UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JENNIFER JOVIC,

        Plaintiff,

v.

LEGAL SEA FOODS, LLC,

        Defendant.

**OPINION**

2:16-cv-01586 (WHW)(CLW)

**Walls, Senior District Judge**

This matter involves a head injury Plaintiff sustained at one of Defendant's restaurants. Currently before the Court is Defendant Legal Sea Foods, LLC's motion for summary judgment under Fed. R. Civ. P. 56. Decided without oral argument pursuant to Fed. R. Civ. P. 78, the motion is denied.

## FACTUAL AND PROCEDURAL HISTORY

On the afternoon of April 18, 2015, Plaintiff Jennifer Jovic ("Jovic"), a New Jersey resident visiting Boston, met some friends for lunch at a restaurant owned by Defendant Legal Sea Foods, LLC ("LSF"). Statement of Undisputed Material Facts ("SUMF") ¶ 5.[1] After being told the restaurant was full, Jovic and her friends went to an outdoor patio area while they waited for a table to open up. *Id.* at ¶¶ 6-11. Jovic went to use the restroom after a few minutes of waiting, walking by herself across a portion of the patio. *Id.* The parties disagree as to what then

---

[1] Defendant submitted a Statement of Undisputed Material Facts pursuant to the local rules, which Plaintiff only opposed as to ¶¶ 6, 7, 16-17. Local Rule 56.1 states that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." Consequently, Defendant's Statement of Undisputed Material Facts will be taken as undisputed for purposes of resolving the present motion sans the contested statements, the disputes over which are not materially important.

1

happened. Plaintiff claims her head struck some "instrumentality" while in a hallway to the bathroom inside of the restaurant (and not on the patio), whereas the Defendant contends the incident took place while Jovic was still on the patio on the way to said hallway. *Cf.* Resp. Br. at I *with* SUMF ¶ 17. As Defendant properly points out, Plaintiff has wholly contradicted her testimony as to where the incident took place, first stating at her deposition multiple times that it was on the patio, now saying it was in a hallway inside of the restaurant. *See* Reply Br. at 3-4. Plaintiff's incredulity that "[f]or one reason or another, Defendant labors under the belief that the injury complained of took place [on] the patio" is baffling. Resp Br. at I. Defendant "labors under the belief" because of Jovic's own testimony.

Regardless, both parties agree that Jovic did hit her head on something, but that she does not know what it was except that it felt "dark," "long," "very hard," and "like steel." SUMF ¶¶ 18-19. Nobody witnessed Jovic hit her head. *Id.* ¶ 22. Jovic then went to the bathroom and came back to speak to a hostess. *Id.* ¶¶ 23-24. Jovic claims she was helped out of the restaurant by employees, whereupon she went back to her hotel room and tried to quell the pain and profusive bleeding coming from her head. Compl. ¶ 19. She alleges that four days after the incident she visited a hospital where she was provisionally diagnosed with a concussion, scalp hematoma, and scalp abrasion. *Id.* ¶¶ 25-26. She says that the injury has caused her "sustained permanent and lasting injury," forcing her mother to assist her "every day," and resulting in anxiety and panic attacks for which she takes medication. *Id.* ¶¶ 27-28. On March 22, 2016, she brought suit in this Court against Defendant, claiming negligence and negligent inflection of emotional distress. *Id.*

## STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant substantive law. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute is genuine where a rational trier of fact could return a verdict for the non-movant. *Id.*

The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006). Once the movant has carried this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" in question. *Scott*, 550 U.S. at 380 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Each party must support its position by "citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Scott,* 550 U.S. at 380. At this stage, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249.

## DISCUSSION

"To prevail on a claim of negligence a plaintiff must establish four elements: (1) that the defendant owed a duty of care; (2) that the defendant breached that duty; (3) actual and proximate causation; and (4) damages." *Fernandes v. DAR Dev. Corp.*, 222 N.J. 390, 403–04

(2015) (citing *Townsend v. Pierre*, 221 N.J. 36, 51 (2015)). Under the ordinary standard of care, one must "take reasonable precautions to prevent the occurrence of foreseeable harms to others." *Id.* (quoting *Weinberg v. Dinger*, 106 N.J. 469, 484 (1987)). However, "[b]usiness owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." *Nisivoccia v. Glass Gardens, Inc.*, 175 N.J. 559, 563 (2003). This requires that business owners "discover and eliminate dangerous conditions, . . . maintain the premises in safe conditions, and . . . avoid creating conditions that would render the premises unsafe." *Id.* (citing *O'Shea v. K. Mart Corp.*, 304 N.J. Super. 489, 492–93 (App. Div. 1997)).

LSF argues that Plaintiff has failed to produce evidence that a duty of care owed to her was breached. Sum. J. Br. at 10-12. Plaintiff relies on the doctrine of *res ipsa loquitur* ("*res ipsa*") to argue that its burden to produce the requisite evidence has been met.

### A. Res ipsa loquitur

"*Res ipsa loquitur*...is simply an emanation of the basic legal doctrine that a verdict in a negligence case may rest on circumstantial evidence." *Szalontai v. Yazbo's Sports Cafe*, 183 N.J. 386, 399 (2005). "When the rule applies, it permits an inference of negligence that can satisfy the plaintiff's burden of proof, thereby enabling the plaintiff to survive a motion to dismiss at the close of his or her case...The inference, however, does not shift the burden of proof." *Eaton v. Eaton*, 119 N.J. 628, 638 (1990). "Rather, what is required of defendant is an explanation, not exculpation...It shifts to the defendant the obligation to explain the causative circumstances because of defendant's superior knowledge." *Myrlak v. Port Auth. of New York & New Jersey*, 157 N.J. 84, 96 (1999) (internal quotations omitted). "[T]here are three fundamental predicates for the application of the doctrine, which are that (a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is

no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect." *Khan v. Singh*, 200 N.J. 82, 91 (2009) (internal quotations omitted).

Plaintiff claims that Defendant's negligence as to her accident speaks for itself given that "[d]efendant is unable to plead that there is nothing in the premises that could have cause [sic] Ms. Jovic's injuries." Resp Br. at I. But "[a] defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial.'" *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). It follows that this Court must look to the three elements of *res ipsa loquitur* to see if Plaintiff has met her burden.

### 1. Does the accident ordinarily bespeak of negligence?

Regarding the first element, Plaintiff must show that her accident is one that "ordinarily bespeaks negligence." "An incident ordinarily appears negligent where the probabilities fall in favor of negligence such that an inference of it is appropriate." *Clark v. Darden Restaurants, Inc.*, 613 F. App'x 101, 103 (3d Cir. 2015). "Whether an accident 'ordinarily bespeaks negligence' requires a probability assessment -- is it more or less likely that such an event would occur in the absence of negligence." *McDaid v. Aztec W. Condo. Ass'n*, No. 079325, 2018 WL 3431322, at *8 (N.J. July 17, 2018).

This prong is met. Plaintiff was walking "at a normal pace" and "did not need to shift her path." SUMF ¶¶ 10-12. "Members of the public passing through automatic doors, whether in an airport, office building or supermarket do so generally without sustaining injury." *Rose v. Port of New York Auth.*, 61 N.J. 129, 136 (1972). The same is true for when a restaurant patron walks

through a public portion of the facility to use the bathroom. Plaintiff and Defendant disagree as to where exactly the accident took place, *cf.* Resp. Br. at I *with* SUMF ¶ 17, a dispute Defendant has the more reasonable interpretation of. But that does not change the legal analysis, as both the patio and internal hallway are areas of a restaurant a business invitee should expect to walk through freely without being concussed by an unknown object. In *Law v. Morris,* 102 N.J.L. 650 (1926), plaintiff was walking through a store when a piece of plaster fell from the ceiling and hit her upon the head. The court found that *res ipsa* applied because "[t]he fall of a sizable piece of plaster upon the head of a customer is not an occurrence which takes place in the ordinary course of things." *Id.* at 652. The same goes for walking through either the patio area of a restaurant or a public hallway: one should not expect to strike their head upon a long steel-like beam in the absence of negligence.

*2. Was the instrumentality within the defendant's exclusive control?*

Regarding the second element, whether the "instrumentality was within the defendant's exclusive control" cannot be definitively determined because there is still no evidence in the record as to what exactly the instrumentality was, either from Jovic, LSF, or any witness. SUMF ¶¶ 18, 21-22. Defendant places the improper burden on Plaintiff to either have physical possession over the object at hand or be able to specify what it is and where it is located. But "[t]he rationale behind [*res ipsa*'s] burden-shifting is that the defendant is more knowledgeable about the instrument and has greater access to the evidence." *Lazarus v. Port Auth. of New York & New Jersey*, No. A-0519-13T3, 2014 WL 7343420, at *3 (N.J. Super. Ct. App. Div. Dec. 29, 2014).

LSF goes to great lengths to persuade this Court that "without being able to identify the condition or instrumentality that caused her accident, plaintiff cannot rely on *res ipsa loquitur* to

6

establish a *prima facie* case," Reply Br. at 7, but its legal support to that proposition is lacking. There appears to be no bright-line rule in New Jersey requiring as much despite other jurisdictions adopting it as an explicit condition. *See, e.g.*, *Arterburn v. St. Joseph Hosp. & Rehab. Ctr.*, 220 Kan. 57, 64 (1976) (requiring a plaintiff show "the specific thing or instrumentality which actually caused his injury or damage" in order to proceed on *res ipsa*). Defendant cites to *Joseph T. Ryerson & Son, Inc. v. H. A. Crane & Brother, Inc.*, 417 F.2d 1263 (3d Cir. 1969), in which plaintiff sued defendant for damage caused by a fire despite there being "no evidence as to how the fire started [and] the parties are also in dispute as to where the fire started." *Id.* at 1265. The court did state that "the instrumentality or thing causing the fire must be shown to warrant the application of the rule," *id.* at 1271 n.6, but here it is sufficient that Jovic has identified the instrumentality as being a dark, long, steel-like object. SUMF ¶ 19.[2]

Defendant refers to a number of other cases that also decline to apply *res ipsa* when a plaintiff could not identify the substance upon which he fell,[3] but this is not a slip-and-fall case. "Such an occurrence is very different from the fall of a customer in a department store, who is not watching her step. Such falls are almost a daily occurrence in any of the large department stores." *Law*, 102 N.J.L. at 653. A puddle or slippery mess is often ephemeral, whereas a long, steel-like beam hanging from or abutting a wall is more akin to instances where an object falls down onto a passerby, which are prototypical cases of *res ipsa*. *See, e.g., Sheridan v. Foley*, 58 N.J.L. 230, 233 (Sup. Ct. 1895) (applying *res ipsa* to the falling of a brick on a plaintiff's head, just as the court would if a "barrel had rolled out of the warehouse and fallen on the plaintiff"). A

---

[2] *Ryerson* is also distinguishable because (1) it was unclear where the fire started; (2) there were multiple potential causes of the fire, from employees smoking to electrical equipment to faulty wiring; and (3) the court acknowledged "that this is a fire case and that fires often happen without negligence on the part of any person." *Id.* at *1264-66.
[3] *See Gilmore v. Nationwide Bowling Corp.*, No. A-1216-13T3, 2014 WL 8390329 (N.J. Super. Ct. App. Div. Apr. 2, 2015); *Bailey v. East Orange Gen. Hosp.*, 2014 N.J. Super. Unpub. LEXIS 1658 (App Div. June 30, 2014); *Osborn v. Walgreens Pharmacy*, No. A-4623-11T4, 2013 WL 5629165 (N.J. Super. Ct. App. Div. Oct. 16, 2013).

long steel-like beam is usually not transitory unless intentionally moved. Unlike a patron who attempts to evoke *res ipsa* upon tripping over a stool when "[a]ny one in the store, a customer, or a child accompanying a customer, might have [moved it]," *Oelschlaeger v. Hahne & Co.*, 2 N.J. 490, 494 (1949), it is unlikely anyone but LSF or one of its employees moved the steel beam.

Defendant points to no other possibilities about what other instrumentality may have harmed Jovic, and it is undisputed by all parties that she did "hit the front of her head." SUMF ¶ 17. Notably, a manager of the restaurant testified that in her years of working at Legal Sea Foods there had been only one other "complaint[] of anybody suffering a[] head injury while passing from the [] patio over to the restrooms," and it took place *that same day* by an individual other than Jovic. Gworek Dep. Tr. at 21:24-23:1. This highlights the likelihood that it was the steel-like rod Jovic identifies as the instrumentality that harmed her, and so the second prong is met.

*3. Was the injury the result of Plaintiff's own voluntary act or neglect?*

Regarding the third element, there is no indication that the injury was the result of Plaintiff's own voluntary act or neglect. Jovic walked straight, was looking ahead, and did not trip. SUMF ¶¶ 10-12. She was wearing her contacts, was not on her cell phone, and she is only 5'8. Jovic Dep. Tr. at 47:13-50:15. She had not drunk any alcohol. *Id.* at 36:20. There is nothing in the record to indicate she had any role to play in her injury. The third prong is met.

### B. Burden Shift

Having met the standard for *res ipsa loquitur*, Jovic can now "shift to the defendant the obligation to explain the causative circumstances" of her injury. *Szalontai*, 183 N.J. at 400. This is a situation which "calls for an explanation from the one who has control of the building." *Law*, 102 N.J.L. at 653. If the "explanation [leaves] the mind in equipoise...the defendant would be

entitled to a verdict because the plaintiff has failed to prove his case by the weight of the evidence." *Hughes v. Atl. City & S. R. Co.*, 85 N.J.L. 212, 214 (1914).

Defendant's lack of any alternative explanation as to what may have caused the injury weighs heavily. "[T]o survive a motion for summary judgment, a defendant must produce evidence to rebut an inference of negligence…[I]t is axiomatic that the mere denial of negligence, in the face of a plaintiff's prima face case, cannot defeat a summary judgment motion." *Clark*, 613 F. App'x at, 103–04 (internal quotations omitted). "[I]n proper cases, the jury may be permitted to infer negligence from the accident and the attending circumstances in the absence of an explanation." *Kahalili v. Rosecliff Realty, Inc.*, 26 N.J. 595, 607 (1958). This is not a rigorous burden for the Defendant to meet, as "the most that is required of defendant is explanation, not exculpation." *Buckelew v. Grossbard*, 87 N.J. 512, 526 (1981). But LSF has failed to do so here, offering no other reasonable alternative about how, as it admits, Jovic might have so badly injured her head in a way that does not suggest its own negligence. Defendant's contention that Jovic may have simply walked straight into a steel-like beam at forehead level, Sum. J. Br. at 21-22, simply makes one wonder in what fashion a heavy steel-like beam can be positioned at forehead level in a restaurant's public space that is not the byproduct of negligence. LSF does not suggest Jovic tripped, or fell, or stumbled, or faked her injuries, or generally did anything that might explain what transpired in a way that does not implicate its own negligence. By attesting in the SUMF to Jovic "hit[ting] the front of her head" while "not slip[ping] or trip[ping] at any time" and "looking straight ahead of her," SUMF ¶¶ 14-17, LSF puts forth no viable alternative as to how Jovic injured herself in a way that does not suggest LSF's own negligence, and consequently has not met its burden. *See McDaid*, 2018 WL 3431322, at *8 ("The *res ipsa* inference ordinarily will allow the plaintiff to establish a *prima facie* case and

survive a motion to dismiss at the summary judgment stage -- that is, unless the defendant's countervailing proofs are so overwhelming that they destroy any reasonable inference of negligence") (internal quotations omitted).

### C. Notice

Defendant argues that Jovic "cannot establish the critical element of notice of any alleged dangerous or defective condition in the vicinity of the accident location." Sum J. Br. at 14. Notice, either actual or constructive, is a necessary component of the breach element of a negligence claim. *See Troupe v. Burlington Coat Factory Warehouse Corp.*, 443 N.J. Super. 596, 602 (App. Div. 2016). But a plaintiff is "not required to show that defendants were on notice of a malfunction to trigger the *res ipsa* inference." *McDaid*, 2018 WL 3431322 at *10. Plaintiff makes out *prima facie* the four elements of negligence—including breach of duty—once the Defendant is unable to provide any alternative explanation as to what caused the injury, and so Defendant's argument fails.

### D. Causality

Defendant argues that Jovic "cannot identify what caused her alleged accident and therefore cannot present any evidence that defendant's conduct was a cause-in-fact of her alleged injury," and so there is no causality. Sum. J. Br. at 15. "Cause in fact is sometimes referred to as 'but for' causation. In the routine tort case, the law requires proof that the result complained of probably would not have occurred 'but for' the negligent conduct of the defendant." *Conklin v. Hannoch Weisman*, 145 N.J. 395, 417 (1996) (internal quotations omitted).

Aside from the fact that Jovic does describe the object that harmed her, Defendant's causality argument fails because it is derivative of its argument that a negligence claim cannot be made under *res ipsa*. *Res ipsa* "is an evidential rule used to circumstantially prove the *prima*

*facie* existence of negligence where proof of the specific elements of negligence has not been shown." *Apuzzio v. J. Fede Trucking, Inc.*, 355 N.J. Super. 122, 126 (App. Div. 2002). Because Jovic has already made out a *prima facie* claim for negligence, Defendant gains no ground by attacking 'but for' causation, which is simply an element of negligence that Plaintiff no longer has to prove any further.

### E. Negligent Infliction of Emotional Distress

"To prove a claim of negligent infliction of emotional distress, a plaintiff must establish: (1) a duty of care; (2) breach of that duty; (3) causation; and (4) damage in the form of severe emotional distress that was reasonably foreseeable." *Moore v. Passaic Cty. Tech. Inst.*, No. A-2929-04T5, 2006 WL 1585706, at *10 (N.J. Super. Ct. App. Div. June 12, 2006). Defendant argues Jovic cannot make out a breach of duty of care because she cannot "identify what caused her injuries." Sum. J. Br. at 23. This is identical to Defendant's argument against negligence, and fails for the same reasons. *See supra* at 6-9.

## CONCLUSION

Defendant's motion for summary judgment is denied. An appropriate order follows.

DATE: 9 October 2018

William H. Walls
Senior United States District Court Judge

11